Joseph F. Daly, J.
On December 8, 1869, the plaintiffs in these actions commenced thirteen actions in the marine court of this city against this defendant, for the same causes of action for which the present actions were subsequently brought. Those thirteen actions in the marine court were commenced by short attachments, although defendant was then a resident; and the sheriff seized the property of defendant, at 745 Third-avenue, under such attachments.
On December 13, 1870, on motion of the defendant, the marine court vacated said attachments for irregularity, and judgment was entered on that day in the marine court, for eleven dollars and sixty-nine cents costs in each suit, in favor of defendant, against each plaintiff.
The plaintiffs then paid the amounts of said judgments, and the same were satisfied, on said December 13, 1870, by order of the marine court.
On the same day, December 13, 1870, the plaintiff commenced these three actions in this ■ court, and attachments under section 227 of the Code were issued by Judge Loew. On December 13, 1870, Judge Loew granted an order at defendant’s instance, requiring plaintiffs to show cause why the attachments should not be vacated, on grounds nearly identical with the grounds of the present motion.
That motion was denied by order entered January 19, 1870, with leave to renew, on other affidavits.
Since that motion was heard, the plaintiffs herein have served in the marine court a notice of appeal from the aforesaid thirteen judgments of the marine court, *449 in favor of defendant against the plaintiffs, entered December 13, 1869, upon the orders vacating the short attachments for irregularity.
The notices of such appeal were dated February 23, 1871, and the appeal has been argued at the general term of the marine court.
The question is, whether that appeal affects the question decided by Judge Loew, as to the marine court attachments being in force, and the marine court suits being pending when these actions were commenced.
I am of opinion that the appeal taken does not affect the rights of the parties on the point taken in: this and the former motion to vacate the attachments.
The attachments were certainly not in force, because they were vacated on December 13, 1869.
The actions were not pending, because the marine court had no jurisdiction by the short attachments. Judgment to that effect was entered, and the judgments (for costs) were satisfied. The judgments were not a bar to these actions, because they amounted, at most, to a dismissal of the actions for want of jurisdiction by a court of limited jurisdiction.
The appeal did not affect the relation of the parties on that head. And even if the general term of the marine court should reverse the order of the special term of that court, and declare that that court had jurisdiction, and the actions should then become actions pending in the marine court, they might be pleaded in these actions, but the plea would be in abatement, and not an absolute bar; and upon discontinuance of them in the marine court, the suits in this would proceed.
As to the undertaking given on the attachments in this court being altered, and not re-executed, there are no affidavits before me proving that the execution was subseqent to any alteration in the name of the court.
*450 [The remarks of the learned judge on two questions not of general interest, are omitted here.]
Order of reference allowed on terms as to the questions presented by the affidavits ; otherwise, motion denied, with costs.